### LEITER v. INNIS, SPEIDEN & CO.

(Supreme Court, Appellate Term, First Department. December 6, 1912.)

1. SALES (§ 288*)—IMPLIED WARRANTY OF TITLE—OBLIGATION OF BUYER.

Where a sale is not by description, and there is no express warranty, but only an implied warranty of quality, within Sales of Goods Act (Laws 1911, c. 571) § 96, the buyer must test the goods before using them, and reject them if found unmerchantable.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 817–823; Dec. Dig. § 288.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

2. SALES (§ 273*)—IMPLIED WARRANTY OF FITNESS.

 A seller, who is not the manufacturer, but who knows the purpose for which goods are to be used by the buyer, does not imply a warranty of fitness.

 [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 772–776; Dec. Dig. § 273.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Isaac H. Leiter, doing business as the National Sanitary Flooring & Roofing Company, against Innis, Speiden & Co. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

 William H. Blain, of New York City, for appellants.

 Frank W. Burr, of New York City, for respondent.

PER CURIAM. [1] The sale was not one by description. There was no express warranty. The case is one of implied warranty of quality. It was plaintiff's duty to test the goods before using them, and to reject them if found unmerchantable. Sales of Goods Act (Laws 1911, ch. 571) § 96; Ferguson v. Netter, 204 N. Y. 505, 98 N. E. 16; Howard Iron Works v. Buffalo Elevating Co., 113 App. Div. 562, 99 N. Y. Supp. 163.

[2] The fact that defendant knew the purpose for which the goods were to be used, does not imply a warranty of fitness; defendant not being the manufacturer. Bartlett v. Hoppock, 34 N. Y. 118, 88 Am. Dec. 428.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

PAGE and HOTCHKISS, JJ., concur. LEHMAN, J., concurs in result.